THOMAS COWGILL, Appellant, v. ISAIAH PICKERELL.

Accounting: PRINCIPAL AND AGENT. An allowance of two hundred dollars to an agent for taking care of a rented farm for fourteen years, and making a sale thereof, is not excessive.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, MAY 22, 1896.

THIS is an action in equity, brought by plaintiff to require the defendant to account for the rents and profits of a certain two hundred and forty acres of land in Mahaska county, which belonged to the plaintiff, received by the defendant as agent for the plaintiff for the years 1878 to 1891, inclusive.

Defendant answered, averring that at the end of each year he did account to the plaintiff for all the rents received for the year, after paying taxes and improvements on the land, and by way of counter-claim, asked to recover five hundred dollars as compensation for services rendered in renting said premises and in the sale of the same, and also "for service as agent in connection with the settlement of the Drenning litigation." Decree was entered, dismissing the plaintiff's bill on its merits, to which the plaintiff excepted, and dismissing the defendant's cross bill. Plaintiff appeals.—*Affirmed.*

*Searle & Keating* and *G. C. Morgan* for appellant.

*J. B. Bolton* for appellee.

GIVEN, J.—I. The following facts are uncontroverted, or fairly established by a preponderance of the evidence: Plaintiff was a resident of Ohio; and defendant, of Mahaska county, Iowa. They were intimate friends, and members of the Society of Friends. In 1872, they agreed that defendant should bring said land into cultivation, pay the taxes thereon, and fence the same, for which he was to have the use thereof for six years. At the expiration of said time, the defendant, in pursuance of a mutual understanding between the parties, took charge of said premises, as agent for the plaintiff, with authority to lease the same, and out of the rents and profits to pay taxes and necessary expenses of repairs, which the defendant continued to do up to the spring of 1892; sometimes leasing for cash and part of the taxes, and at other times for grain rent. In 1880, defendant, with the consent of plaintiff, leased the west half of said land to one, White, for a term of six years, in

consideration of White's clearing up the brush, breaking the land, making a farm thereof, and building a house thereon. White made the improvements, and kept the land for six years, defendant paying the taxes thereon out of the money derived from the rent of the other part of the land, which he had theretofore put in cultivation.

II. The controlling question is, whether the defendant did account to the plaintiff, at the end of each year, for the rents received and taxes and expenses paid. We will not set out or discuss the evidence on this subject. While it is conflicting, we think the preponderance of the evidence is in favor of the conclusion that the defendant did account to the plaintiff, to his satisfaction, up to and including the year 1891. We are satisfied that it was understood between the parties that the defendant should account yearly, and, while it is no doubt true that his accounting was at times somewhat carelessly and imperfectly rendered, yet we think it was to the satisfaction of the plaintiff. We do not concur in the view of plaintiff's counsel, that there was to be no accounting until the agency was terminated by a sale of the land. The land was sold about March 1, 1892, and thereby the agency and control of the defendant over the land were terminated. Defendant had in his hands, one hundred and fifty dollars, received as rent for the year 1891, and fifty dollars in cash, which he had received as agent of the plaintiff, on the sale of another piece of land; and this two hundred dollars the defendant claims as compensation for his services as agent for plaintiff in taking care of the land during those years, and in making the sale thereof for plaintiff, that was made in March, 1892. We are in no doubt but that plaintiff is entitled to compensation, and we think this amount, while sufficient, is not greater than that to which he is entitled.

This view of the case renders it unnecessary that we should notice the other questions discussed. Our conclusion is that the decree of the district court is fully sustained by the evidence, and it is therefore AFFIRMED.